## HECHT v. ALFARO.

(District Court, N. D. California, S. D. February 11, 1925.)

No. 16955.

Sales ⟜83—Whether seller or buyer is to supply transportation is a question in each case of intention of the parties.

Under a contract for sale of a commodity to be delivered by the seller f. o. b. ship in a foreign port, the question of whose duty it is to secure transportation is one of the intention of the parties, to be determined from all the facts and circumstances of the case.

At Law. Action by Daniel Hecht, doing business as D. Hecht & Co., against Antonio Alfaro. On motion by plaintiff for new trial. Denied.

H. U. Brandenstein, of San Francisco, Cal., for plaintiff.

Goldman & Altman, of San Francisco, Cal., for defendant.

PARTRIDGE, District Judge. Plaintiff in April, 1920, entered into a contract with defendant for the purchase of 120,000 Spanish pounds of coffee, to be shipped from Acajutla, republic of Salvador, in the month of May. The goods were not actually shipped from the port until July, at which time the price of coffee had dropped. The goods, however, were received by plaintiff, and sold by him. Accordingly, plaintiff brought this action for the difference, and defendant cross-complained for the balance of the purchase price. The principal issue on the trial was as to whose duty it was to secure transportation.

It appeared that at Acajutla there is a company, known as La Agencia Nacional Limitada, which has exclusive control of the wharves, and of the loading of vessels. The contract contained the words "puesto en borde," meaning the same as the phrase f. o. b. Defendant delivered the coffee to La Agencia Nacional for shipment in May, in accordance with plaintiff's directions to ship on two designated steamers. These vessels, however, did not load there. The jury was instructed that they should determine the question from all the facts and circumstances, including the custom of the port, and returned their verdict for defendant.

In the recent case of Mathieu v. Moore (D. C.) 4 F.(2d) 251, I have had occasion to consider the meaning of the words f. o. b. at a foreign port, and held that the apparent conflict in the authorities is explainable by the true rule, and that is that each case must rely upon its own facts. This view is further borne out by a recent decision of the Supreme Court of California, Hackfeld v. Castle, 186 Cal. 53, 198 P. 1041, where it is said that "the question is one as to the intention of the parties, as, to what they contemplated. The expression f. o. b. in and of itself throws no light upon it. The expression merely makes it the duty of the seller to load at his own expense."

The petition for a new trial is denied.